UNITED STATES v. S. SCHIFF & CO.

(Circuit Court of Appeals, Second Circuit. June 9, 1905.)

No. 200 (3,533).

CUSTOMS DUTIES—CLASSIFICATION—JEWELRY—MILLINERY ORNAMENTS.

In construing the provision in paragraph 434, Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], for "articles commonly known as jewelry," held, that it does not include so-called "millinery ornaments," used in trimming hats, which are flimsy articles, intended for ephemeral use, are not made by jewelers, and contain no gems or precious metals, but are made of base metal either wholly or in combination with imitation jet or imitation precious stones.

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal from a decision of the Circuit Court for the Southern District of New York, affirming, without opinion, a decision of the Board of General Appraisers (G. A. 5,624, T. D. 25,152), which reversed the action of the collector in the classification and assessment of the merchandise in controversy.

Charles Duane Baker, Asst. U. S. Atty.

Comstock & Washburn (Albert Comstock, of counsel), for appellees.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The collector assessed duties at the rate of 60 per centum ad valorem on the imported merchandise, as jewelry, under paragraph 434 of the act of July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], which reads as follows:

"Articles commonly known as jewelry, and parts thereof finished or unfinished, not specially provided for in this act, including precious stones set, pearls set or strung, and cameos in frames, sixty per centum ad valorem."

The importers protested, pointing out, among others, paragraphs 112 and 193 of the same act, as the proper paragraphs under which duty should be laid. The board sustained the contention of the importers in this respect. The relevant portion of paragraph 112 is as follows:

"All glass or manufactures of glass or paste, or of which glass or paste is the component material of chief value, not specially provided for in this act, forty-five per centum ad valorem." Schedule B, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635].

Paragraph 193 (Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645] provides for a similar duty on manufactures of metal. We do not deem it important to attempt a comprehensive definition of the word "jewelry" or of the phrase "articles commonly known as jewelry." The only relevant question now before the court is, were the articles in controversy, at the date of importation, commonly known as jewelry? If they were so known the collector was right; if not the board and Circuit Court were right. The question is one of fact and we see no reason to disturb the finding of the board; in fact we fail to see how any other conclusion could be drawn from the testimony, which is practically unanimous and uncontradicted in favor of the importers' contention. The merchandise in question consists of cheap, flimsy ornaments in the form of buckles, slides, cabochons and bars, made wholly of base metal, or of such metal set with imitation jet or imitation precious stones, made of glass and known as paste, strass or rhinestone. These ornaments are designed to be permanently fastened to women's hats and, together with ribbons, laces, feathers and flowers, form the trimming thereof. They are dealt in almost exclusively by millinery houses and are known as millinery ornaments. They are also known as "fashion goods," designed for a single season's

use and if carried over to the next season they become rusty and unsalable. They are of a delicate construction, easily broken and not sufficiently strong to endure the strain of being frequently put on and taken off the person; once attached to a hat one of these ornaments remains, as a feather or a rose remains, until the hat is retrimmed or discarded. No testimony was taken in the Circuit Court. Four witnesses were sworn before the board and their testimony fully supports the foregoing statements. They united in saying that the ornaments in question are not known commercially, commonly, or in any sense, as jewelry, and are known as millinery ornaments for hat trimming. No one contradicts them. Samples of the importations were produced in court and a casual inspection served to corroborate the statements of the witnesses. These ornaments have very few of the characteristics of jewelry, as that term is popularly used. They were not made by jewelers, no gems or precious metals were used in their construction; they were not valuable, but were merely ephemeral trinkets, intended to be used for a single season and then to be thrown aside.

The decision is affirmed.